UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

MICHAEL EAVES,

    Plaintiff,

V.

RODNEY BALLARD, et al.,

    Defendants.

Civil Action No. 5: 17-111-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court to address several motions pending in this matter.

Daniel Schulman, counsel for defendants Christian Toelke and Stefany Hughes, has filed a motion to withdraw as counsel of record because his employment with the Justice & Public Safety Cabinet concluded at the end of November 2018. He further indicates that Brenn Combs, the General Counsel for the Kentucky Department of Corrections, may be contacted if necessary until successor counsel files a notice of appearance in this case in the coming weeks. [R. 36] The motion is well taken and appropriate, and the Court will grant the motion as set forth below.

Defendants Toelke and Hughes have filed a motion to dismiss the complaint of plaintiff Michael Eaves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [R. 35] In his Second Amended Complaint, Eaves alleged that these defendants discriminated against him by effectively delaying his transfer into Northpoint Training Center ("NTC")'s "Honor Dorm" in violation of his rights under the Eighth and Fourteenth Amendments.[1] [R. 10, Page ID # 227-33]

---

[1] The Court dismissed the claims against the other defendants named in the complaint upon initial screening. [R. 27]

As grounds for dismissal, defendants first contend that Eaves's failure to specifically indicate in his complaint that they are being sued in their individual capacities necessitates the conclusion that he intended to sue them in their official capacities. [R. 35-1, Page ID #435-37] Because such official capacity claims would be barred by the Eleventh Amendment, the argument goes, the claims must be dismissed. *Id*. at Page ID #437-39. The Court disagrees.

Had Eaves sued the defendants in their official capacities, such claims would plainly be barred. An "official capacity" claim against a state official is not a claim against the officer arising out of his or her conduct as an employee of the state, but is actually a claim directly against the state agency which employs them. *Hopper v. Phil Plummer*, 887 F. 3d 744, 760 n.4 (6th Cir. 2018); *Baar v. Jefferson Co. Bd. of Educ.*, 476 F. App'x 621, 634 (6th Cir. 2012) ("Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of law. Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 n.55 (1978)). An official capacity claim against the defendants would therefore constitute civil rights claims against the Kentucky Department of Corrections ("KDOC").

However, the KDOC is not subject to suit under § 1983 in federal court. KDOC is an agency of the Commonwealth of Kentucky. See Ky. Rev. Stat. § 12.250; *Gibbons v. Kentucky Dept. of Corrections*, No. 3:07CV-P697-S, 2008 WL 4127847, at *2-3 (W.D. Ky. Sept. 4, 2008). Therefore, KDOC is not a "person" subject to liability under Section 1983. *Puckett v. Lexington-Fayette Urban Co. Gov't.*, 833 F.3d 590, 598 (6th Cir. 2016) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). In addition, the Eleventh Amendment deprives federal district courts of subject matter jurisdiction over a claim for money damages against a state and its

2

agencies. *Ernst v. Rising*, 427 F. 3d 351, 358 (6th Cir. 2005) (citing *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974)). The question remaining is whether Eaves sued the defendants in their individual or official capacities.

In *Wells v. Brown*, 891 F.2d 591 (6th Cir. 1989), the Sixth Circuit established the rule that "plaintiffs seeking damages under § 1983 [must] set forth clearly in their pleading that they are suing the state defendants in their individual capacity for damages, not simply in their capacity as state officials." The *Wells* court relied in part upon Rule 9(a)'s requirement that a plaintiff plead capacity where necessary to establish jurisdiction, particularly in light of the sovereign immunity afforded by the Eleventh Amendment to state employees sued in their official capacity. *Id.* at 592-94. But in the years following, the Sixth Circuit tempered the rule of *Wells* in circumstances where the complaint does not state the capacity under which the defendants are sued. In such cases, the court looks to events transpiring after the filing of the complaint to determine whether the defendants had been adequately placed on notice of the plaintiff's intention to subject them to personal liability. E.g., *Pelfrey v. Chambers*, 43 F. 3d 1034, 1038 (6th Cir.), *cert. denied*, 515 U.S. 1116 (1995); *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F. 3d 489, 491 (6th Cir. 1995).

The Sixth Circuit, sitting *en banc*, subsequently clarified that *Wells* did not establish a *per se* rule that plaintiffs must affirmatively plead individual capacity claims in the complaint. The Supreme Court itself had stated that when "the complaint [does] not clearly specify whether officials are sued personally, in their official capacity, or both [] '[t]he course of proceedings' in such cases typically will indicate the nature of the liability sought to be imposed." *Kentucky v. Graham*, 473 U.S. 159, 165 n.14 (1985). Consistent with that approach, the Sixth Circuit held that district courts should consider the "course of proceedings," including statements in the

3

complaint and subsequent motions regarding the nature of the claims asserted, requests for monetary damages against the individual defendants, allegations that an individual defendant possessed supervisory authority over others, and assertions by the defendants of qualified immunity, to determine whether the complaint put the defendants on notice that an individual capacity claim was asserted against them. *Moore v. City of Harriman*, 272 F.3d 769, 772-74 (6th Cir. 2001) (*en banc*); see also *Shepherd v. Wellman*, 313 F.3d 963, 969 (6th Cir. 2002); *Rodgers v. Banks*, 344 F.3d 587, 594 (6th Cir. 2003); *Garcia v. Dykstra*, 260 F. App'x 887, 894-95 (6th Cir. 2008).

Eaves's complaint adequately put the defendants on notice that they were being sued in their individual capacity for their actions taken under color of state law, a prerequisite to establish the necessary state action to pursue a claim under Section 1983, rather than in their official capacities. First, Eaves complains of actions taken by Toelke and Hughes, but does not suggest that those actions were taken pursuant to any KDOC policy or custom. [R. 10, Page ID #233] Second, Eaves seeks monetary damages against each of the individual defendants. *Id*. at Page ID #234. Third, Eaves does seek injunctive relief against the Kentucky Department of Corrections, but not for alleged constitutional violations, only "to stop all its violations of the Americans Disabilities Act, the Rehabilitation Act in all Kentucky Prisons." *Id*. The requested injunctive relief against KDOC therefore does not suggest an intent to assert an official capacity claim under Section 1983. On balance, the complaint adequately indicates a desire to assert claims against these defendants in their individual capacity.

To be sure, Eaves's complaint could be clearer on this point. However, Eaves states that he is mentally and physically disabled, bipolar, blind in one eye, has significant hearing loss [R. 10 at 2; R. 18], suffers from a number of additional medical restrictions or disabilities, and

4

has been reliant upon a jailhouse lawyer to assist him in his earlier filings [R. 24]. Eaves is also proceeding without the benefit of counsel. The cases relied upon by the defendants, like *Shepherd v. Wellman*, 313 F.3d 963 (6th Cir. 2002), involved plaintiffs who were represented by an attorney, and who therefore likely made a conscious and informed decision regarding the capacity in which the defendants were being sued. Here, giving the *pro se* plaintiff the liberal construction of his claims to which he is entitled, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), Eaves's complaint provided adequate notice to Toelke and Hughes that they were being sued in their individual capacities.

The defendants also contend that Eaves failed to exhaust his administrative remedies as required by federal law because he did not identify them by name in his inmate grievance. [R. 35-1 at Page ID #438-41] Federal law requires a prisoner to fully utilize the prison's inmate grievance system before filing suit to assert a civil claim regarding the conditions of his confinement. 42 U.S.C. § 1997e(a). The defendants, relying upon *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003) and other Sixth Circuit cases decided before 2007, assert that the federal exhaustion requirement itself requires the inmate to name in his grievance the officers he ultimately sues. [R. 35-1 at Page ID #440] But this is no longer true: *Burton* was directly overruled by the Supreme Court in *Jones v. Bock*, 549 U.S. 199, 217 (2007).

Nonetheless, if the express terms of the prison's grievance procedure require the inmate to name in his grievance the officers involved, the inmate must comply with that requirement. *Jones*, 549 U.S. at 218; *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Here, KDOC's grievance system requires the inmate to "include all aspects of the issue **and identify all individuals** in the 'Brief Statement of the Problem' section of the written grievance so that all problems concerning the issue or individuals may be dealt with..." Corrections Policies and Procedures 14.6(II)(J)(5)

(emphasis added). This requirement is sufficiently clear that Eaves was required to name the officers involved, something he did not do in Grievance 16-601, the grievance he filed on October 5, 2016 to complain of the delay in being transferred to the Honor Dorm. [R. 10-1 at Page ID #241]

If prison officials had *denied* Eaves's grievance, whether upon that procedural ground or upon the merits, the defendants would have a better argument that Eaves failed to properly exhaust his administrative remedies. Instead, prison officials *rejected* Eaves's inmate grievance on the ground that it was "nongrievable" because, they concluded, he was challenging a classification decision. [R. 10-1 at Page ID #241] Had Eaves complained in his grievance only about a formal placement decision regarding when he would be transferred into the Honor Dorm, that characterization of the grievance as raising a nongrievable issue under CPP 14.6(II)(C)(5) would likely be correct.

But Eaves did more: he asserted in his grievance that the delay in transferring him into the Honor Dorm was caused by discrimination against him based upon his disability. *Id*. The latter issue was plainly grievable under CPP 14.6's general grievance procedure. *Sublett v. Green*, No. 0: 14-CV-32-HRW, 2014 WL 4782964, at *3-5 (E.D. Ky. Sept. 24, 2014) ("CPP 14.6(II)(C)(5) renders non-grievable formal classification decisions by the Classification Committee, not other conduct by prison officials related to matters of security which the inmate feels should result in a different classification such as protective custody."), *aff'd*, No. 14-6222 (6th Cir. July 14, 2015). Indeed, it appears that prison staff later acknowledged that Eaves's Grievance 16-601 had: (1) presented "multiple issues ... which need to be addressed separately," and (2) alleged that he was "discriminated against for being handicapped/disabled." [R. 10-1, Page ID #242-43]

6

Prison officials having rejected Eaves's grievance form – which clearly included allegations of discrimination – as nongrievable, they cannot now contend that the issue was actually grievable but that the plaintiff failed to exhaust it. This is because "[a]n administrative remedy is not 'available,' and therefore need not be exhausted, if prison officials erroneously inform an inmate that the remedy does not exist or inaccurately describe the steps he needs to take to pursue it." *Pavey v. Conley*, 663 F.3d 899, 906 (7th Cir. 2011) (citations omitted). Where a plaintiff "was instructed by prison officials, contrary to prison regulations, that he could not file a grievance, and plaintiff indeed did not initiate the grievance process by filing that grievance in reliance on that misrepresentation, the formal grievance proceeding required by the prison grievance system was never 'available' to plaintiff within the meaning of the PLRA." *Smith v. Woods*, No. 03-CV-480, 2006 WL 1133247, at *15 (N.D.N.Y. Apr. 24, 2006). See also *White v. Jindal*, No. 13-15073, 2014 WL 2864191, at *10-11 (E.D. Mich. June 24, 2014) (rejecting the defendant's exhaustion defense because corrections officials told the plaintiff that his issues were nongrievable, thus the plaintiff had no available remedies to exhaust). The Court therefore concludes that Eaves exhausted all of the administrative remedies that the prison made "available" to him. The defendants' motion to dismiss must therefore be denied.

When the Court denies a motion to dismiss the complaint, the defendants must file an answer to the complaint within fourteen days thereafter. Fed. R. Civ. P. 12(a)(4)(A). Here, however, successor counsel for the defendants has yet to file a notice of appearance. In addition, counsel will require sufficient time to become familiar with the facts of the case, confer with his or her clients, and prepare an answer. Therefore, upon its own motion the Court will extend the defendants' time to file an answer to and including January 11, 2019. The Court will also refer this matter to a magistrate judge for pretrial management.

Accordingly, it is **ORDERED** as follows:

1. The motion of Daniel Schulman to withdraw as counsel of record [R. 36] is **GRANTED**. As temporary counsel of record for defendants Christian Toelke and Stefany Hughes, the Clerk of the Court shall substitute:

    Hon. Brenn Combs, General Counsel
    Kentucky Department of Corrections
    275 East Main Street, P.O. Box 2400
    Frankfort, Kentucky 40602-2400
    (502) 782-2354

2. The defendants' motion to dismiss the complaint for failure to state a claim [R. 35] is **DENIED**.

3. Plaintiff's motion for an extension of time to file a response to the motion to dismiss [R. 37] is **DENIED AS MOOT**.

4. The defendants shall file an answer to the complaint on or before **January 11, 2019**.

5. Pursuant to 28 U.S.C. § 636(b), this matter is **REFERRED** to a United States Magistrate Judge to conduct all further proceedings, including preparing proposed findings of fact and conclusions of law on any dispositive motions. The Clerk of the Court shall **ASSIGN** this matter to a Magistrate Judge.

Dated December 17, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY