**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON**

| | |
|---|---|
| **MICHAEL EAVES,** <br> **Plaintiff,** <br><br> V. <br><br> **RODNEY BALLARD, et al.** <br> **Defendants.** | **CIVIL NO. 5:17-111-KKC** <br><br><br> **OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the plaintiff Michael Eaves' motion for a temporary restraining order and injunctive relief (DE 52). For the following reasons, the motion must be denied.

Eaves is a state prisoner currently incarcerated at Green River Correctional Complex ("GRCC"). When he filed this action, he was incarcerated at Northpoint Training Facility. Since then, he has been transferred three times: first to Eastern Kentucky Correctional Complex (EKCC), then to Little Sandy Correctional Complex and, most recently, to GRCC.

In his complaint, he alleges that he is mentally and physically disabled. He asserts that he has bipolar disorder, is blind in one eye, and has significant hearing loss. He states that, due to his disabilities, he is "bottom bunk restricted." He asserts that he was approved for the "Honors Program" at Northpoint in July 2016, but he was informed that a bottom bunk was not available in the program and that it may take up to a year for a bottom bunk to become available.

Eaves explains that residing within the Honors Program is safer for inmates than residing within the general population because the inmates in the Honors Program are less likely "to rob and fight and extort" than the inmates in the general population. (DE 10, Amended Complaint at

10.) Further, he asserts that inmates in the Honors Program have greater access to the main yard, the gym, and the canteen than the general population.

Eaves asserts that bottom bunks actually have been available in the Honors Program at Northpoint since he was accepted into the program. Nevertheless, he has not been permitted to enter the program.

Based on his exclusion from the Honors Program, Eaves filed this action, asserting claims against five defendants: Rodney Ballard, who Eaves identified as the Commissioner of the Kentucky Department of Corrections; Don Bottom, who Eaves identified as the Warden at Northpoint Training Center; and three other individuals who Eaves identified as employees at Northpoint Training Center. These individuals are Christian Toelke, Brad Adams, and Stefany Hughes. (DE 10, Amended Complaint.)

Eaves asserted four claims: violations of the Americans with Disablities Act (ADA), the Rehabilitation Act (RA), and the Eighth and Fourteenth Amendments to the U.S. Constitution.

In a prior opinion, the Court dismissed Eaves' claims under the RA and ADA against all the defendants, finding that there is no individual liability under Title II of the ADA. (DE 27, Opinion.) As to the constitutional claims, the Court dismissed these claims against Commissioner Ballard, Warden Bottom, and Deputy Warden Adams but determined that the claims should not be dismissed against Toelke and Hughes.

As a result, the sole claims remaining in this action are Eaves' claims that Toelke and Hughes violated his rights under the Eighth and Fourteen Amendments by failing to process his transfer to the Honors Program while he was incarcerated at Northpoint Training Center.

With his motion for a Temporary Restraining Order, Eaves, who is now housed at GRCC, asserts that certain officials have retaliated against him for filing the ADA complaint in

this Court. (DE 52, Motion at 1.) The specific remedy that Eaves requests is a "Temporary Restraining Order and Injunction to prevent any further acts against Plaintiff and sanction the KDOC on a level that will undoubtedly deter any other officials or employees from retaliating against Plaintiff …." He further asks the Court to "investigate[] these and all claims made within this action" and "provide a letter of findings to Plaintiff along with the Defendants and KDOC promptly. . . ." (DE 52, Motion at 17.)

There are a few problems with this motion. First, the Court is part of the judicial branch of government. It is not able to conduct investigations to determine if violations of the law have occurred.

Second, many of the retaliatory actions Eaves alleges in this motion occurred during the time that Eaves was housed at Northpoint. These alleged actions include transferring him from Northpoint to EKCC; restricting his inmate account so that his family and friends could not make deposits; prohibiting him from making phone calls by denying him a new phone PIN number after someone stole his previous PIN number; and stealing his driver's license from his mail when his family mailed it to him at Northpoint. These actions have already occurred. Eaves is no longer housed at Northpoint. Accordingly, there is nothing for this Court to enjoin the Northpoint officials from doing. These past actions may support a claim, but they do not support Eaves' motion for an immediate order that would prohibit officials from engaging in ongoing activity.

Third, in support of this motion, Eaves asserts that other allegedly retaliatory actions occurred at GRCC and are still occurring, but he has not named any GRCC personnel as defendants in this action. He alleges that GRCC personnel assigned him to a dorm where gang members and "problem inmates" are housed. He alleges that GRCC personnel have failed to punish gang members when they commit crimes against him; and that, in fact, GRCC and the

3

Kentucky Department of Corrections (KDOC) use the gangs to "carry out brutality" against prisoners who the KDOC wishes to punish. He alleges that he has not been placed in the Honors Dorm at GRCC, but that other prisoners have been who did not have Honors status as long as Eaves did.

With this action, however, Eaves has asserted claims against only officials at Northpoint. The only remaining claims are claims under the Eight and Fourteenth Amendment against Northpoint officials Toelke and Hughes.

If Eaves wishes the Court to enjoin individuals in their official capacities or the KDOC from taking retaliatory actions against him in violation of the ADA, he must file an action naming the officials in their official capacities that he seeks to enjoin or the KDOC.

For all these reasons, the Court hereby ORDERS that Eaves' motion for a temporary restraining order and injunctive relief (DE 52) is DENIED.