UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| MICHAEL EAVES,<br>    Plaintiff,<br><br>V.<br><br>RODNEY BALLARD, et al.<br>    Defendants. | CIVIL NO. 5:17-111-KKC<br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on a recommended disposition (DE 116) by the magistrate judge, which addresses various motions and other documents filed by the parties (DE 80, 81, 101, 104, 110, 113, 114). After the magistrate judge entered the recommendation, plaintiff Michael Eaves filed objections to it (DE 120). He also filed five new motions (DE 119, 121, 122, 123, and 124), which the Court will address in this opinion.

    I.    **Background**

When Eaves filed this action, he was incarcerated at Northpoint Training Facility. As the Court has noted in prior opinions, the Kentucky Department of Corrections has transferred Eaves multiple times since he commenced this action: first to Eastern Kentucky Correctional Complex (EKCC), then to Little Sandy Correctional Complex, then to Green River Correctional Complex ("GRCC"), and, most recently, to Luther Luckett Correctional Complex ("LLCC"). With this action, Eaves asserts claims based on conduct that occurred only while he was incarcerated at Northpoint.

In his complaint, Eaves alleges that he is mentally and physically disabled. He asserts that he has bipolar disorder, is blind in one eye, and has significant hearing loss. He

states that, due to his disabilities, he is "bottom bunk restricted." He asserts that he was approved for the "Honors Program" at Northpoint in July 2016, but he was informed that a bottom bunk was not available in the program and that it may take up to a year for a bottom bunk to become available.

Eaves alleges that residing within the Honors Program is safer for inmates than residing within the general population because the inmates in the Honors Program are less likely "to rob and fight and extort" than the inmates in the general population. (DE 10, Amended Complaint at 10.) Further, he asserts that inmates in the Honors Program have greater access to the main yard, the gym, and the canteen than the general population. Eaves asserts that bottom bunks have been available in the Honors Program at Northpoint since he was accepted into the program.

Eaves filed this action, asserting claims against five defendants: Rodney Ballard, who Eaves identified as the Commissioner of the Kentucky Department of Corrections; Don Bottom, who Eaves identified as the Warden at Northpoint Training Center; and three other individuals who Eaves identified as employees at Northpoint Training Center. These individuals are Christian Toelke, Brad Adams, and Stefany Hughes. (DE 10, Amended Complaint.)

Eaves asserted four claims: violations of the Americans with Disablities Act (ADA), the Rehabilitation Act (RA), and the Eighth and Fourteenth Amendments to the U.S. Constitution.

In a prior opinion, the Court dismissed Eaves' claims under the RA and ADA against all the defendants because individuals cannot be sued or held liable under Title II of the ADA. (DE 27, Opinion.) As to the constitutional claims, the Court dismissed these claims against Commissioner Ballard, Warden Bottom, and Deputy Warden Adams but determined that the claims should not be dismissed against Toelke and Hughes.

As a result, the sole claims remaining in this action are Eaves' claims that Northpoint employees Toelke and Hughes violated his rights under the Eighth and Fourteen Amendments by failing to timely move him to the Honor Dorm while he was incarcerated at Northpoint Training Center after he requested the move in July 2016. As the magistrate judge noted, Eaves asserts that defendant Toelke "immediately informed him that because of his disability and special requirement of bottom bunk, it will take 7 months to a year to enter the Honor Dorm unless he waived the bottom bunk requirement." (DE 80 at 3.) Eaves would not waive the bottom-bunk requirement, which he asserts is medically required. (DE 80 at 2.)

The parties have filed cross-motions asking that judgment be entered in their favor on these claims (DE 80, 81, 101). The magistrate judge recommends that the Court grant summary judgment in favor of defendants Toelke and Hughes and that the Court deny Eaves' motion for summary judgment and his motion for judgment on the pleadings.

**II.  Analysis**

**A. Eighth Amendment Claim**

As to Eaves' Eighth Amendment claim, the magistrate judge determined that he had failed to prove that his alleged mistreatment was objectively serious or that either defendant Toelke or Hughes were aware of a serious risk to Eaves' safety and disregarded that risk. *See Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011).

In his objections, Eaves seems to argue that the magistrate judge misconstrued his Eighth Amendment claim. He argues that he does not claim that the defendants disregarded a risk to his *safety*. Instead, he argues that his claim is that the defendants disregarded a serious medical need: his need for a bottom bunk. The Eighth Amendment prohibits prison officials from "unnecessarily and wantonly inflicting pain on prisoners by

3

acting with deliberate indifference to prisoners' serious medical needs." *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir.2010) (citation and internal quotations omitted).

The Court has not construed the complaint to assert a claim for deliberate indifference to Eaves' medical needs. But even assuming this is the basis for his Eighth Amendment claim, the claim must fail. Eaves does not allege that he was never placed in a bottom bunk. In fact, it appears that was placed in a bottom bunk at all times that he required it while incarcerated at Northpoint. He cannot claim that prison officials *disregarded* his need for a bottom bunk. They gave him one.

Eaves' complaint is that the officials at Northpoint did not give him a bottom bunk in the Honors Dorm on a timely basis after he requested it. He has no Eighth Amendment right to a bottom bunk in the Honors Dorm. For these reasons, and those stated by the magistrate judge, his Eighth Amendment claim must be dismissed.

**B. Equal-Protection Claim**

"The Equal Protection Clause prevents states from making distinctions that (1) burden a fundamental right; (2) target a suspect class; or (3) intentionally treat one individual differently from others similarly situated without any rational basis." *Johnson v. Bredesen*, 624 F.3d 742, 746 (6th Cir. 2010). If the government action singles out a suspect class or burdens a fundamental right, then the action is subject to "strict scrutiny,' meaning it is presumed unconstitutional unless there is a "compelling justification" for the action. *Dillinger v. Schweiker*, 762 F.2d 506, 508 (6th Cir. 1985). Otherwise, the action is reviewed to determine only if there is a "rational basis" for it, meaning the government must show the action is "rationally related to a legitimate governmental purpose." *Id*.

For an Equal-Protection claim, Eaves must prove the defendants acted with "discriminatory intent or purpose." *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977). As the magistrate judge noted, "[d]isabled persons are not a

acting with deliberate indifference to prisoners' serious medical needs." *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir.2010) (citation and internal quotations omitted).

The Court has not construed the complaint to assert a claim for deliberate indifference to Eaves' medical needs. But even assuming this is the basis for his Eighth Amendment claim, the claim must fail. Eaves does not allege that he was never placed in a bottom bunk. In fact, it appears that was placed in a bottom bunk at all times that he required it while incarcerated at Northpoint. He cannot claim that prison officials *disregarded* his need for a bottom bunk. They gave him one.

Eaves' complaint is that the officials at Northpoint did not give him a bottom bunk in the Honors Dorm on a timely basis after he requested it. He has no Eighth Amendment right to a bottom bunk in the Honors Dorm. For these reasons, and those stated by the magistrate judge, his Eighth Amendment claim must be dismissed.

**B. Equal-Protection Claim**

"The Equal Protection Clause prevents states from making distinctions that (1) burden a fundamental right; (2) target a suspect class; or (3) intentionally treat one individual differently from others similarly situated without any rational basis." *Johnson v. Bredesen*, 624 F.3d 742, 746 (6th Cir. 2010). If the government action singles out a suspect class or burdens a fundamental right, then the action is subject to "strict scrutiny,' meaning it is presumed unconstitutional unless there is a "compelling justification" for the action. *Dillinger v. Schweiker*, 762 F.2d 506, 508 (6th Cir. 1985). Otherwise, the action is reviewed to determine only if there is a "rational basis" for it, meaning the government must show the action is "rationally related to a legitimate governmental purpose." *Id*.

For an Equal-Protection claim, Eaves must prove the defendants acted with "discriminatory intent or purpose." *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977). As the magistrate judge noted, "[d]isabled persons are not a

acting with deliberate indifference to prisoners' serious medical needs." *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir.2010) (citation and internal quotations omitted).

The Court has not construed the complaint to assert a claim for deliberate indifference to Eaves' medical needs. But even assuming this is the basis for his Eighth Amendment claim, the claim must fail. Eaves does not allege that he was never placed in a bottom bunk. In fact, it appears that was placed in a bottom bunk at all times that he required it while incarcerated at Northpoint. He cannot claim that prison officials *disregarded* his need for a bottom bunk. They gave him one.

Eaves' complaint is that the officials at Northpoint did not give him a bottom bunk in the Honors Dorm on a timely basis after he requested it. He has no Eighth Amendment right to a bottom bunk in the Honors Dorm. For these reasons, and those stated by the magistrate judge, his Eighth Amendment claim must be dismissed.

**B. Equal-Protection Claim**

"The Equal Protection Clause prevents states from making distinctions that (1) burden a fundamental right; (2) target a suspect class; or (3) intentionally treat one individual differently from others similarly situated without any rational basis." *Johnson v. Bredesen*, 624 F.3d 742, 746 (6th Cir. 2010). If the government action singles out a suspect class or burdens a fundamental right, then the action is subject to "strict scrutiny,' meaning it is presumed unconstitutional unless there is a "compelling justification" for the action. *Dillinger v. Schweiker*, 762 F.2d 506, 508 (6th Cir. 1985). Otherwise, the action is reviewed to determine only if there is a "rational basis" for it, meaning the government must show the action is "rationally related to a legitimate governmental purpose." *Id*.

For an Equal-Protection claim, Eaves must prove the defendants acted with "discriminatory intent or purpose." *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977). As the magistrate judge noted, "[d]isabled persons are not a

suspect class for purposes of an equal protection challenge." *S.S. v. E. Kentucky Univ.*, 532 F.3d 445, 457 (6th Cir. 2008). Eaves does not claim the defendants' actions burdened a "fundamental right." Thus, for his Equal-Protection claim, Eaves must show (1) intentional unequal treatment between himself and others similarly situated; and (2) the absence of any rational basis for such treatment. *Estate of Manolios v. Macomb Cty.*, 785 F. App'x 304, 307 (6th Cir. 2019).

Under rational-basis review, courts will not overturn government action "unless the varying treatment of different groups or persons is so unrelated to the achievement of any combination of legitimate purposes that [the court] can only conclude that the [government's] actions were irrational." *Warren v. City of Athens, Ohio*, 411 F.3d 697, 710 (6th Cir. 2005) (quoting *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 84 (2000)). There is no evidence to support such a conclusion here.

As an initial matter, both defendants have submitted affidavits explaining that they had no role in admitting inmates into the Honor Dorm. There is no evidence to the contrary. Accordingly, any complaint that the defendants failed to timely place Eaves in the Honor Dorm must be dismissed.

According to her affidavit, Toelke did have a role in admitting inmates into a dorm referred to as the "Pre-Honor Dorm," which is where inmates who are approved for the Honor Dorm are housed until space becomes available in the Honor Dorm. Hughes was Toelke's supervisor. According to Toelke's affidavit, Eaves was placed in the Pre-Honor Dorm on April 21, 2017. This would have been approximately nine months after Eaves signed up for placement in the Honor Dorm

It may well be that Eaves is using the term Honor Dorm or Honor Program to include the Pre-Honor Dorm. But even construing the complaint to assert a claim that Eaves was not timely placed in the *Pre-Honor* dorm, the Equal-Protection claim must be

dismissed. To survive summary judgment on this claim, Eaves must point to evidence that (1) between July 2016, when Eaves requested placement in the Honor Dorm, and April 2017, when he was moved to the Pre-Honor Dorm, the defendants intentionally failed to place him in the Pre-Honor Dorm because he was disabled but placed other inmates without a disability there; and (2) the absence of any rational basis for such treatment. *Estate of Manolios v. Macomb Cty.*, 785 F. App'x 304, 307 (6th Cir. 2019).

In his objections, Eaves argues that the magistrate judge did not address whether there was any rational basis for Toelke or Hughes' actions, or whether their actions served a "legitimate government purpose." This is true, but the magistrate judge determined that Eaves failed to present evidence on the first element of his Equal-Protection claim: that the defendants intentionally delayed Eaves' placement into the Pre-Honor Dorm because he was disabled.

As the magistrate judge pointed out, in her affidavit, Toelke explains that the wait times for placement in the Pre-Honor and Honor Dorms even for inmates without a bottom-bunk restriction tend to be long because the inmates housed there usually have lengthy sentences and maintain good conduct so they can stay there. Toelke further explains that inmates like Eaves who are restricted to a bottom bunk have longer waits because only half of the beds in the dorm (the bottom bunk) are available to them. During the relevant time period, the wait time for placement into the Honor or Pre-Honor Dorm for inmates with a bottom-bunk restriction was up to a year. Eaves was placed in the Pre-Honor Dorm approximately nine months after he requested placement in the Honor Dorm.

Further, even if the actions of the defendants are viewed as intentionally failing to place him in the Pre-Honor Dorm before April 2017 because of his disability, there is clearly a rational basis for the different treatment. Because of his disability, Eaves was restricted

to a bottom bunk. It was not only rational but necessary for Toelke to delay his placement there until a bottom bunk became available.

In his reply brief, Eaves's makes clear that his Equal Protection claim revolves around one inmate being moved to the Pre-Honor Dorm before him. He clarified that this single instance is the "heart of this case." (DE 111, Reply.) Eaves asserts that he "met all the requirements for the privilege and benefit of Honor Dorm status and the Defendants skipped over him to give the bottom bunk in the Honor Dorm to an individual who had signed up and been approved for the Honor Dorm after him, an individual who had no serious medical need for the bottom bunk." (DE 111, Reply at 5.)

In her affidavit, Toelke identifies this inmate as Joshua Wicker, who was placed on the Honor Dorm waiting list on November 7, 2016. Toelke approved inmate Wicker's move to a bottom-bunk in the Pre-Honor Dorm on March 15, 2017 even though Wicker was not restricted to the bottom bunk. In his objections to the magistrate judge's recommendation, Eaves again focuses on Wicker, and argues that Toelke "freely admits" that she intentionally moved Wicker to a bottom bunk, "effectively filling the spot the plaintiff would have filled."

In her affidavit, however, Toelke states she "simply made an error" in placing Wicker in the Pre-Honor Dorm before Eaves. There is no evidence in the record to contradict that assertion. Further, this is one incident. A plaintiff cannot prove purposeful discrimination with only "one isolated incident" of different treatment. *Fletcher v. Chartrand*, No. 88-1951, 1989 WL 14015, at *1 (6th Cir. 1989). To survive summary judgment on an isolated event that allegedly violates the Equal Protection Clause, Eaves must point to evidence of "purposeful discrimination" that was taken without "any rational basis." *Smith v. State of Ga.*, 684 F.2d 729, 736 (11th Cir. 1982). He has not and, accordingly, judgment mut be entered against him on this claim. "At best, the plaintiff has

only alleged an isolated and minor incident of differing treatment among prison inmates, which is insufficient to support a claim of unlawful discrimination." *Gadson v. Fuson*, No. 3:13-1050, 2014 WL 1631002, at *3 (M.D. Tenn. Apr. 24, 2014).

### C. Other rulings by the magistrate judge

In his recommendation, the magistrate judge also denied Eaves' motions for default judgment (DE 110, 113), his demand for a jury trial (DE 114), and his motion to appoint counsel and compel discovery (DE 115).

In his objections, Eaves objects generally to the magistrate judge's denial of his motions for default judgment but does not make any specific objections. The Court agrees with the magistrate judge's denial of these motions.

Eaves also objects to the magistrate judge's denial of his motion to appoint counsel to represent him in this action. Eaves has moved for counsel multiple times. The Court has held that the case does not present the exceptional circumstances that warrant the Court requesting an attorney to represent him. (DE 51, Order.) The Court continues to find that to be the case for all the reasons stated in its February 21, 2019 order (DE 51, Order).

Eaves also objects to the magistrate judge's denial of his motion to compel certain discovery. The parties have engaged in ample and extended discovery in this matter. (DE 82, 83.) The Court initially permitted the parties to engage in discovery for a period of four months. (DE 45, Order.) The Court later extended the discovery period for more than three months. (DE 82, 83.) As the magistrate judge pointed out, Eaves has filed a motion for summary judgment and for judgment on the pleadings in his favor, indicating that he did not believe additional discovery was necessary to his claims. Further, this action was initially filed approximately three years ago. It is time for final resolution.

Because this Court has found that Eaves' remaining claims must be dismissed, his demand for a jury trial must necessarily be denied.

### D. New motions

After the motions for summary judgment were filed and after the magistrate judge entered his recommendation, Eaves filed additional motions seeking to prolong this litigation. He filed a motion to conduct additional discovery (DE 121), a motion to "sanction and disqualify" counsel for the Kentucky Department of Corrections (KDOC) and the KDOC as a whole (DE 122), a motion to amend his complaint (DE 123), and a demand for jury trial (DE 119). As stated, the parties have engaged in ample discovery, and this matter has been pending for three years. Summary judgment motions have now been filed by all parties. It is time for a final resolution.

Accordingly, all of these motions will be denied.

### III. Conclusion

For all these reasons, the Court hereby ORDERS that it adopts the recommendation of the magistrate judge (DE 116) as modified by the discussion of the "rational basis" for the defendants' actions contained in this opinion. For the reasons stated in the recommended disposition and this opinion and order, the Court hereby ORDERS as follows:

1) the motion for summary judgment by defendants Christian Toelke and Stefany Hughes (DE 101) is GRANTED;

2) the motions for summary judgment and motion for judgment on the pleadings by plaintiff Michael Eaves (DE 80, 81, 104) are DENIED;

3) Plaintiff Eaves' motion to attach an affidavit to his motion to disqualify (DE 124) is GRANTED to the extent he asks the Court to consider the affidavit in ruling on the motion to disqualify; and

4) Plaintiff Eaves' demand for a jury trial (DE 119), motion to conduct additional discovery (DE 121), motion to "sanction and disqualify" counsel for the Kentucky

Department of Corrections (KDOC) and the KDOC (DE 122), and motion to amend his complaint (DE 123) are DENIED.

Dated March 5, 2020

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY